# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1308V

| | |
|---|---|
| RONALD BROWN,<br><br>             Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | Chief Special Master Corcoran<br><br>Filed: October 22, 2025 |

*Stephen C. Paul, Law Office of Stephen C. Paul, Pittsburgh, PA, for Petitioner.*

*Emily Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION DISMISSING CASE FOR LACK OF PROSECUTION**

On September 15, 2022, Ronald Brown filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[1] ("Vaccine Act"). Petitioner alleges that he suffered a Table injury of "frozen shoulder/labral tear/shoulder pain" in his left shoulder resulting from an influenza vaccine received on September 15, 2019.[2] ECF No. 1 at 1 ("Petition").

Although Petitioner filed several sets of medical records as exhibits to his Petition, these were not sufficient for the case to exit the pre-assignment review ("PAR") process for vaccine cases. Between October 17, 2022 and September 18, 2024 – a nearly two-year timeframe – Petitioner filed *fourteen* motions for extensions of time to file additional records.[3]

---

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[2] Such claims are typically plead under the general rubric of a shoulder injury related to vaccine administration ("SIRVA") and I will refer to the alleged injury as a SIRVA in this order.

[3] Petitioner's July 12, 2024 motion referenced Petitioner's pre-existing disability that limited his ability to communicate with counsel and that Petitioner's counsel was a solo attorney whose internal staffing issues had caused "correctable errors" in the record collection process. *See* ECF No. 21 at 1-2. Petitioner's counsel also stated that he "understands that that matter has lingered and has dedicated additional resources and time to this matter to ensure its completion." *Id.* at 2.

On December 19, 2024, the case was taken out of PAR and assigned to the Special Processing Unit ("SPU") of the Office of Special Masters ("OSM"), even though Petitioner's filings remained insufficient pursuant to Section 11(c) of the Vaccine Act, in order to move the matter along. ECF No. 23. In the Order assigning the Petition to SPU, Mr. Brown was instructed to file the following documents by February 28, 2025:

- Vaccination record that includes a notation identifying the arm of administration of the vaccine at issue. Petitioner shall request a vaccine consent form, which typically includes this notation. If the information on the site of the vaccination is unavailable, Petitioner shall provide an affidavit detailing efforts to obtain the records and the reasons for their unavailability in compliance with Vaccine Rule 2(c)(2)(B)(i);

- Petitioner's primary care records (and any other relevant medical treatment records) for the three-year pre-vaccination time period. As required by Vaccine Rule 2(c)(2)(A), these records must be certified;

- Amended PAR Questionnaire signed by Petitioner;

- Petitioner's additional post-vaccination treatment for his vaccine related injury. As required by Vaccine Rule 2(c)(2)(A), these records must be certified;

- Certifications of completeness for the medical records in Exhibits 6-8;

- Affidavit signed by Petitioner addressing the requirements of Section 11(c)(1), to include the lack of or disposition of any prior civil action and any prior awards related to Petitioner's vaccine injury;

- Updated exhibit list; and

- A Statement of Completion.

*Id.* at 2-3. Additionally, the December 19, 2024 Order noted that none of the medical record exhibits previously filed contained page numbers and/or exhibit numbers in the footers of the documents.

Petitioner missed this February 28, 2025 deadline, and did not file any additional documents. On March 24, 2025, Respondent filed a status report stating that he was unable to assess the potential for an informal resolution of the case because missing

2

records prevented a final medical review. ECF No. 26. On May 28, 2025, Respondent filed a further status report indicating that Petitioner's counsel had not responded to multiple attempts to make contact. ECF No. 28 at 1-2. Respondent suggested that a status conference would be beneficial. *See id.*

A status conference was held on June 26, 2025. On the same date I issued an order striking the medical records filed with the Petition because they were not in accordance with the Vaccine Rules and Guidelines. ECF No. 29 at 2. I instead ordered Petitioner to refile these records by July 28, 2025. *Id.* Further, I ordered Petitioner to file the documents listed in the December 19, 2024 order by July 28, 2025. *Id.* I also noted that Petitioner's failure to file the required documents was risking the claim's dismissal. *Id.*

Petitioner did not meet the July 28, 2025 deadline. On August 13, 2025, I *sua sponte* enlarged this deadline to August 27, 2025. Because Petitioner had not made any attempt to comply with the orders of December 19, 2024 or June 26, 2025, I issued an Order to Show Cause on September 15, 2025. ECF No. 31.

In the Order to Show Cause, I stated that based upon the record as it now stands, Petitioner has failed to provide preponderant evidence of any of the elements required by the Vaccine Act and the Table Qualification and Aids to Interpretation for a valid SIRVA claim. *Id.* at 2. Petitioner's previously filed records have been stricken and have not been refiled, and thus Petitioner has no evidence, however deficient, to support his claim. I also warned that Petitioner's claim would dismissed unless he responded to this final opportunity to correct his original filings and provide the above-listed missing records.

The Order to Show Cause set a deadline of October 3, 2025 for Petitioner explain why his case should not be dismissed for insufficient evidence. Petitioner has not made any further filings.

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel – is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . deadline, but he also ignored the chief

special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner has not provided any explanation for his lack of response to the Order to Show Cause and his continued disregard for the orders of December 19, 2024 or June 26, 2025. Dismissal is now appropriate. Accordingly, this case is **DISMISSED** for failure to prosecute. The Clerk of Court shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

                                                                             **s/Brian H. Corcoran**
                                                                             Brian H. Corcoran
                                                                             Chief Special Master

---

[4] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to 42 U.S.C. § 300aa-21(a) "not later than 90 days after the date of the court's final judgment."